Hawkins, J.,
delivered tbe opinion of the Court.
This suit was instituted by McKeel, as administrator of Phebus, against Bass and Townsend, before a Justice of the Peace for the County of Humphreys, on the 10th of February, 1866.
The warrant was executed and returned for trial before Esquire Owens, on the 14th of April, 1866, who rendered a judgment for the plaintiff for $173.63.
Bass appealed to the Circuit Court, in which a trial was had at the July Term, 1866, which resulted in a verdict and judgment for the defendant. Plaintiff moved for a new trial, which was refused; and he has appealed in error, to this Court.
It appears from the bill of exceptions, that, after the parties had announced themselves ready for trial, and the jury were sworn, the plaintiff moved the Court for leave to amend the warrant by striking out the word “debt,” and inserting the words “trespass on the case;” to which defendant objected; the objection was overruled, and the amendment made. The defendant then moved a continuance of the cause, which was refused.
*153 Plaintiff read tbe warrant and indorsements, and then offered to read the letters of administration granted him by the County Court of Perry County, which was objected to by defendant, and the objection sustained by the Court. This was all the evidence in the case.
The charge of the Court is unexcepted to.
There is no evidence in the record, showing that the plaintiff is entitled to recover, even if the letters of administration had been admitted.
The note upon which we presume the suit was founded, is transcribed into the record by the Clerk; but it is not made part of the record by bill of exceptions, nor does it appear to have been read to the jury — all that was before the jury, was the warrant and the indorsements of the Constable and the Justice. The plaintiff, in addition, offered to read his letters of administration, which were rejected. Then even if the Court was in error in excluding the letters of administration, that error can make no difference; for, if they had been read, still the plaintiff would not have been entitled to recover. And this Court can only reverse because of errors affecting the merits.
Affirm the judgment.